UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

CASE NO.:

JAMES R. BUCKLEY,

    Plaintiff,

vs.

COMMUNITY ASSOCIATION OF RETIREES OF LANGLADE COUNTY, INC., AND PAT KAMPS

    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, JAMES R. BUCKLEY ("DISABLED SENIOR CITIZEN" or "DISABLED"), by and through its undersigned counsel, and files this Complaint against Defendants, COMMUNITY ASSOCIATION OF LANGLADE COUNTY, INC. ("CAR") and PAT KAMPS ("PAT KAMPS" or "KAMPS") and further states as follow:

1. This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees arising out of Defendant's actions arising in the State of Wisconsin.

## PARTIES

2. Plaintiff, DISABLED SENIOR CITIZEN, is a resident of the State of Wisconsin with his sole address in Langlade County, Wisconsin.

3. Plaintiff qualifies as an individual with disabilities as defined by the ADA. DISABLED has multiple degenerative diseases that renders him "disabled" under the ADA (42 U.S.C. §12102) and requires him to use a walker and make use of a CAR's accessibility features. One of those features was a store bathroom that is accessible to guests who use a walker or wheelchair.

4. Defendant, CAR, is a citizen, a Wisconsin corporation, and is domiciled in the State of Wisconsin. CAR's principal address, in Langlade County, is 627 Superior Street, Antigo, Wisconsin, 54409. CAR's registered agent is PAT KAMPS at the same address.

5. Defendant, CAR, is a thrift store. CAR receives free donations from the public and selects certain items to sell in its store. Other donated items are then disposed of. It is unknown if any items or money is given to the poor or less fortunate.

6. Defendant, PAT KAMPS, is a resident of the State of Wisconsin with her sole address in Langlade County, Wisconsin.

## JURISDICTION AND VENUE

7. This action arises from a violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq. as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C. § 1343.

8. Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.

9. Venue further lies in this district as the easement which is the subject matter of another claim against the defendant is located in this judicial district.

## STATUTORY BACKGROUND OF THE ADA CLAIM

10. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities. privileges, and access to places of public accommodation.

11. Pursuant to U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

## GENERAL ALLEGATIONS

12. Defendant, CAR, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates. leases or leases to is known as and is located at: 627 Superior Street, Antigo, Wisconsin, 54409 WITHIN THE EASTERN DISTRICT OF WISCONSIN.

13. Defendant, CAR, owns; or leases; or leases to; or operates a place of public accommodation near DISABLED SENIOR CITIZEN. CAR's place of public accommodation ("CAR'S Property") is adjacent to the property owned by DISABLED

SENIOR CITIZEN ("DSC's Property"). A copy of the recorded agreement showing the location of CAR's PUBLIC PLACE and DISABLE's Property is attached as Exhibit A. The recorded agreement was part of the deed transferring the DISABLE's Property from the common grantor.

14. CAR'S Property granted DISABLED SENIOR CITIZEN an easement on CAR'S Property as outlined in the agreement attached as Exhibit A.

15. Among DISABLED SENIOR CITIZEN'S rights under the agreement, CAR's provides DISABLED SENIOR CITIZEN a utility easement on CAR's Property. The utility easement provides DISABLED water and electricity for the apartment that DISABLED lives.

16. CAR's easement in favor of DISABLED SENIOR CITIZEN is an interest in land which benefits DISABLED. The easement on CAR's Property creates two distinct property interests: the dominant estate, which enjoys the privileges granted by an easement; and the servient estate, which permits the exercise of those privileges.

17. CAR's Property is the servient estate; DISABLED's Property is the dominant estate. DISABLED's Property enjoys the privileges granted by CAR's Property.

18. On or about September 4, 2018, CAR shut the drinking water off (or caused the drinking water to be shut off) to DISABLED SENIOR CITIZEN's Property.

19. The water line that supplied DISABLED SENIOR CITIZEN's Property is located in the easement on CAR's property.

4

20. Drinking water is essential to human life.

21. CAR denied DISABLED the right to drinking water, an essential need to human life.

22. PAT KAMPS, denied or caused to be denied, DISABLED the right to drinking water, an essential need of human life.

## COUNT I - CAR'S VIOLATIONS OF THE ADA

23. Plaintiff realleges paragraphs 1 through 22 and fully incorporate them herein by this reference.

24. DISABLED is a private individual who was and continues to be denied full and equal enjoyment of CAR's facilities as a result of his disabilities. As set forth herein, he was subject to discrimination on the basis of his disabilities in violation of the ADA. DISABLED would be willing to return to CAR's store in Antigo, Wisconsin only after CAR makes necessary modifications so that the ADA-accessible rooms are safe, and in compliance with ADA regulations and accessibility standards. As a direct result of CAR's discrimination, DISABLED continues to suffer denial of his protected civil rights.

25. CAR is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation. 28CFR § 36.304(a)

26. Additionally, if there has been an alteration to CAR's place of business, then CAR is required to ensure that the altered portions of the facility are readily

5
Case 1:18-cv-01425-WCG   Filed 09/11/18   Page 5 of 16   Document 1

accessible to and useable by individuals with disabilities, including individuals who use wheelchairs and walkers. 28 CFR 36.402.

27. CAR has discriminated against the DISABLED and other disabled citizens by denying them full access to and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodations or commercial facility in violation of 42 U.S.C. §12181 et seq., and 28 CFR § 36.302

28. CAR has discriminated against disabled individuals because CAR has failed to make its business space (i.e. its public accommodations) useable by individuals with disabilities. Some examples are:

> Not enough maneuvering room for a wheelchair/walker in the bathroom.
>
> Bathroom layout does not comply with ADA regulations.
>
> Noncompliant door hardware on bathroom door.
>
> Bathroom door does not comply with ADA regulations.
>
> No proper signage on bathroom door and signage does not comply with ADA regulations.
>
> Accessible pathway from parking area to its front door is not level.
>
> Counter in CAR's retail business is not 36 inches or lower for accessibility.
>
> Faucet handles are not compliant with ADA regulations.
>
> Pathway to bathroom is blocked by furniture, boxes and/or merchandise.
>
> Extremely hard for someone who is disabled with a wheelchair or a walker
>
> to pass through bathroom door.

Grab bars for assisting the disabled are placed according to ADA regulations.

Lack of signage for disabled parking or signage does not comply with the ADA regulations.

Towel dispenser in the bathroom is too high and does not comply with the ADA regulations.

Flooring in the bathroom does not comply with ADA regulations.

Front entrance door to CAR's retail business is too heavy and does not comply with ADA regulations.

29. The discriminatory violations described above are not an exclusive list of the Defendant's ADA violations. DISABLED's attorneys/representatives will perform an onsite inspection of CAR's place of public accommodation in order to determine all of the discriminatory acts violating the ADA in CAR's retail business.

30. The correction of these violations of the ADA is readily achievable by CAR.

31. CAR is obligated to have its place of public accommodation readily accessible as defined by the ADA.

32. DISABLED SENIOR CITIZEN has retained the undersigned counsel and is obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action. DISABLED SENIOR CITIZEN is entitled to recover these Attorney's Fees, costs and expenses from the CAR pursuant to 42 U.S.C. § 12205 and 28 CFR §36.505.

33. Notice to Defendant is not required as a result of the Defendants failure to cure the violation by January 26, 1993. All other conditions precedent have been met by DISABLED SENIOR CITIZEN or waived by CAR.

34. Plaintiff is without adequate remedy at law and are suffering irreparable harm.

35. Pursuant to 42 U.S.C § 12188, this Court is provided authority to grant DISABLED Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility either temporary or permanently until such time as the defendant cures its violation of the ADA.

WHEREFORE, Plaintiff, JAMES R. BUCKLEY, requests 1) a temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA, 2) an award of Attorney's Fees, costs and litigation expenses pursuant to 42 U.S.C. §12205, 3) judgment in its favor and against Defendant, CAR, and such other and further relief as the Court deems just and proper under the circumstances.

**COUNT II - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

36. Plaintiff realleges paragraphs 1 through 22 and fully incorporate them herein by this reference.

37. This is an action for negligent infliction of emotional distress against Defendants, CAR and PAT KAMPS.

38. CAR and DISABLED are neighbors. CAR and DISABLED own adjacent

properties. A single grantor separated the two properties making CAR's Property the servient estate and DISABLED's Property the dominate estate. The Parties live in a small town in Wisconsin where DISABLED expected to be treated like a neighbor.

39. A neighbor is expected to treat its neighbor with courtesy and respect.

40. A neighbor is expected to show kindliness or helpfulness to his neighbor.

41. Living in a civilized society, these are duties that reasonable men and women expect of their neighbors.

42. Further, the expressed EASEMENT created a duty on CAR and PAT KAMPS to comply with the utility easement for drinking water to DISABLED's Property.

43. CAR shut off DISABLED'S drinking water that was being provided underground from the City. The drinking water was being provided to DISABLED from the water line in the underground EASEMENT to DISABLED's Property.

44. On information and belief, a governmental entity will not shut off the drinking water at a home or an apartment, for non payment, where the City knows small children, a disabled person, or a senior citizen is living.

45. In this case, it was not an issue of non payment by DISABLED for the water or that CAR was unknowingly paying for DISABLED's drinking water. CAR and PAT KAMPS intentionally shut off DISABLED drinking water because they unilaterally decided to shut off the water.

46. Neighbors in a civilized society do not turn off their neighbor's drinking

water. Clearly, CAR and PAT KAMPS knew the detrimental effects that its actions would have on DISABLED and did so maliciously or with reckless disregard for DISABLED rights and privileges as being the dominant estate.

47. CAR did not treat DISABLED with courtesy or respect when CAR shut off DISABLED's drinking water.

48. PAT KAMPS did not treat DISABLED with courtesy or respect when PAT KAMPS shut off (or caused to be shut off) DISABLED's drinking water.

49. CAR did not show DISABLED kindliness or helpfulness when CAR shut off DISABLED's drinking water.

50. PAT KAMPS did not show DISABLED kindliness or helpfulness when PAT KAMPS shut off (or caused to be shut off) DISABLED's drinking water.

51. Clearly, CAR and PAT KAMPS, in a civilized community, had a duty to DISABLED to act reasonably. CAR and PAT KAMPS did not act reasonably when CAR decided to shut the drinking water off to DISABLED's Property.

52. Further, clearly, CAR with a name of "Community Association of Retirees" should have known the basic needs of all senior citizens. CAR and PAT KAMPS should **also** have known the greater needs and frailty of disabled senior citizens.

53. CAR breached that duty to DISABLED when CAR caused the drinking water to be shut off.

54. PAT KAMPS, individually, breached her duties to DISABLED when PAT KAMPS shut off (or caused to be shut off) DISABLED's drinking water.

55. Further, CAR and/or PAT KAMPS have failed to turn the drinking water back on after being requested to do so. CAR's and/or PAT KAMPS's failure to abide by the terms of its Easement is a malicious act toward DISABLED and is an intentional disregard of DISABLED's rights and privileges in a civilized community.

56. A healthy person can survive for about 3 weeks without food. Water, on the otherhand, is not so long. Typically, a healthy person's body functions begin shutting down after **only 3 days without water.** Death typically occurs after about a week without water.

57. Therefore, when CAR and PAT KAMPS, decided to shut off DISABLED's drinking water, CAR and PAT KAMPS' knew the extremely detrimental effects that its actions may cause DISABLED. Yet, even with this knowledge, CAR and PAT KAMPS decided to act maliciously and recklessly toward DISABLED.

58. CAR and PAT KAMPS also knew that its actions would reasonably cause DISABLED emotional distress. DISABLED still does not how he will get clean drinking water for drinking, preparing food, or taking a shower. Even a healthy person, under the same circumstances, would reasonablely be expected to incur severe emotional distress. However, because of DISABLED's frailty and weakness, DISABLED's emotional distress was compounded.

59. DISABLED's emotional distress was compounded because DISABLED did not know how to get the issue resolved. DISABLED does not have the same mobility that a young man or woman would have to go to governmental authorities to seek help

and assistance. DISABLED does not have the money to hire professionals to address the improper actions of CAR and PAT KAMPS **that should be assisting senior citizens and disabled retirees**. CAR's full name is Community Association of Retirees of Langland County. Being incapable of resolving the issues or knowing where to go for help, created severe emotional distress to DISABLED.

60. Because of CAR's and PAT KAMPS' actions, DISABLED has lost countless hours of rest. DISABLED is anxious all the time. DISABLED blood pressure is elevated. DISABLED feels depressed. Frankly, DISABLED feels completely helpless. This kind of emotional distress would be severe for a young person. However, DISABLED's emotional distress is even greater because his health condition is fragile and weak.

WHEREFORE, Plaintiff, JAMES R. BUCKLEY, requests 1) that the Court order the parties to participate in mediation in the next thirty (30) days and 2) alternatively, if the parties do not resolve this matter at mediation, demands judgment in his favor and against Defendants, COMMUNITY ASSOCIATION OF RETIREES OF LANGLADE COUNTY, INC. and PAT KAMPS, *jointly and severally*, for money damages, consequential damages, pre and post judgment interest, the cost of this action and such other and further relief as the Court deems just and proper under the circumstances.

### COUNT III - BREACH OF AN EXPRESSED EASEMENT AND CONVERSION OF PROPERTY

61. DISABLED re-alleges paragraphs 1 through 22 and fully incorporates them

herein by this reference.

62. CAR is the owner of the Property which provides DISABLED's PROPERTY a utility easement. As the grant of the easement does not restrict any utility, the utility easement covers all utilities, including drinking water and electricity.

63. CAR's Property is known as the servient estate as CAR's Property serves DISABLED's Property. DISABLED's Property is known as the dominant estate.

64. Even though CAR's Property includes the easement, DISABLED's Property enjoys the benefits and privileges of the easement. Therefore, DISABLED's Property is known as the dominant estate.

65. Please see Exhibit A which is a copy of the agreement, including the easement provided in favor of DISABLED's Property (the "EASEMENT").

66. CAR knew DISABLED had the dominant estate. DISABLED met with representatives of CAR and PAT KAMPS and discussed the dominant easement that was created by the mutual grantor of the properties. Even though DISABLED requested that CAR and PAT KAMPS not take the severe action of turning off his drinking water, CAR and PAT KAMPS ignored those requests.

67. DISABLED's dominate easement was created by the grantor of the property that previously held both DISABLED's Property and CAR's Property.

68. The grantor's deed granted and conveyed to DISABLED, his heirs, successors and assigns, an exclusive easement for utilities to DISABLED's Property.

69. The easement is a covenant running with the land.

70. At the time that grantor conveyed the properties to DISABLED and CAR, the utilities were under CAR's structure. Those existing utilities are not accessible unless CAR's structure is partially dismantled, the City's sidewalks are broken up, so that the utility lines can be dug up and exposed.

71. On or about September 4, 2018 of this year, CAR and/or PAT KAMPS shut off the drinking water off to DISABLED's Property. This drinking water line was in the EASEMENT provided by the mutual grantor.

72. Before CAR or PAT KAMPS took this action, DISABLED and CAR paid for the City's drinking water separately. CAR knew that DISABLED and CAR were sharing the same drinking water line.

73. As a result of CAR's or PAT KAMPS' actions, DISABLED has a garden hose running from a neighbor into his apartment. This garden hose is currently supplying him with some water for cooking and cleaning. However, because the weather in Wisconsin will quickly turn cold, the water in this garden house will quickly freeze and DISABLED will shortly not even have this garden hose water for cooking and cleaning.

74. DISABLED has requested CAR and PAT KAMPS to turn back on the water to his apartment. CAR and PAT KAMPS have refused.

75. CAR and/or PAT KAMPS have violated the terms of Easement by shutting off the water to DISABLED's Property and by prohibiting the use of the drinking water from the City.

76. Based on the Defendants actions, CAR and/or PAT KAMPS are denying DISABLED the proper use of the Easement and the property served by the Easement.

77. CAR's and/or PAT KAMPS' failure to abide by the terms of said Easement is a malicious act toward DISABLED and is an intentional disregard of his rights as a property owner.

78. Based on the CAR's and/or PAT KAMPS' malicious and intentional actions, DISABLED is being denied the proper use of the Easement and the property served by the Easement.

79. CAR and/or PAT KAMPS have constructively converted(taken) DISABLED's property as DISABLED can no longer use the property for its intended purpose.

80. DISABLED can no longer live on his Property without the Property having a source of drinking water. DISABLED requests damages for this improper taking.

81. Further, until DISABLED is paid for Defendants conversion of his property, DISABLED has incurred a diminution in the value of his property. Defendants have altered the use of DISABLED's property.

82. Lastly, Defendants have caused DISABLED severe emotional distress by their intentional and malicious actions and Attorneys fees for enforcing his rights and privileges under the EASEMENT.

WHEREFORE, JAMES R. BUCKLEY requests 1) an order requiring CAR and or PAT KAMPS to immediately turn on DISABLED's drinking water, 2) damages for the diminution of DISABLED's Property value; 3) damages related to the conversion of

DISABLED Property, 4) punitive damages for CAR's and/or PAT KAMPS' malicious and intentional acts based on evidence produced at trial, 5) costs and expenses, including actual Attorneys fees, and 6) such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY

Plaintiff hereby demands trial by jury on all issues so triable.

>Richard A. Buckley, Esq.
>The Law Office of Buckley Correa
>Attorney for Plaintiff
>Weston Professional Center
>1820 N Corporate Lakes Blvd, Suite 104
>Weston, FL 33326
>Tel:(954) 217-3017
>
>By: /s/ Rick Buckley
>Richard A. Buckley, Fla. Bar No.: 50830