# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JAMES BUCKLEY,

      Plaintiff,

    v.                                    Case No.  18-C-1425

COMMUNITY ASSOCIATION OF RETIREES
OF LANGLADE COUNTY, INC. and
PAT KAMPS,

      Defendants,

GERMANTOWN MUTUAL INSURANCE COMPANY,

      Intervenor.

## ORDER GRANTING MOTION TO DISMISS

Plaintiff James Buckley brought this action against Defendants Community Association of Retirees of Langlade County, Inc. and Pat Kamps (collectively, CAR), alleging a public accommodation claim under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*, (Count I) and state-law claims of negligent infliction of emotional distress (Count II) and breach of easement/conversion of property (Count III). Presently before the court is the defendants' motion to dismiss Counts II and III of Buckley's complaint for lack of supplemental jurisdiction. Also before the court is Buckley's motion for an extension of the discovery and expert disclosure deadlines. For the reasons set forth below, the defendants' motion to dismiss Counts II and III of the complaint will be granted and Buckley's motion for an extension of the discovery and expert disclosure deadlines will be denied.

**LEGAL STANDARD**

A motion to dismiss that disputes whether claims derive from a common nucleus of operative facts is properly reviewed under the standards applicable to a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Berg v. BCS Fin. Corp.*, 372 F. Supp. 2d 1080, 1088–89 (N.D. Ill. 2005); Fed. R. Civ. P. 12(b)(1). "In considering a motion to dismiss for lack of subject matter jurisdiction, the district court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001) (citing *Rueth v. EPA*, 13 F.3d 227, 229 (7th Cir. 1993)). "When a defendant challenges jurisdiction, the plaintiff bears the burden of establishing the Court's jurisdiction." *Lewis v. Carrier One, Inc.*, No. 15CV7402, 2016 WL 910522, at *2 (N.D. Ill. 2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

**ALLEGATIONS OF THE COMPLAINT**

Buckley is a disabled individual who resides in Langlade County, Wisconsin. CAR owns a lot adjacent to Buckley's residence, where it operates a thrift store. CAR's registered agent is Pat Kamps. Buckley, who uses a walker, alleges that CAR's thrift store, which is a place of public accommodation under the ADA, fails to provide full and equal access to disabled individuals. Buckley specifically lists the following "nonexclusive" deficiencies:

- Not enough maneuvering room for a wheelchair/walker in the bathroom.
- Bathroom layout does not comply with ADA regulations.
- Noncompliant door hardware on bathroom door.
- Bathroom door does not comply with ADA regulations.
- No proper signage on bathroom door and signage does not comply with ADA regulations.
- Accessible pathway from parking area to [thrift store's] front door is not level.
- Counter in CAR's retail business is not 36 inches or lower for accessibility.
- Faucet handles are not compliant with ADA regulations.

- Pathway to bathroom is blocked by furniture, boxes and/or merchandise.
- Extremely hard for someone who is disabled with a wheelchair or a walker to pass through bathroom door.
- Grab bars for assisting the disabled are [sic] placed according to ADA regulations.
- Lack of signage for disabled parking or signage does not comply with the ADA regulations.
- Towel dispenser in the bathroom is too high and does not comply with the ADA regulations.
- Flooring in the bathroom does not comply with ADA regulations.
- Front entrance door to CAR's retail business is too heavy and does not comply with ADA regulations.

Dkt. No. 1 at ¶¶ 28–29. Based on these alleged deficiencies, Buckley seeks to hold CAR liable under the ADA for failure to provide full access to and equal enjoyment of its thrift store (Count I).

Buckley also alleges that he was granted an easement on CAR's property that provides water and electricity for his residence. The water line is located on CAR's property. According to Buckley, on or about September 4, 2018, the defendants shut off the water supply to his residence, thereby denying him access to drinking water and breaching the easement. Buckley requested that his water supply be turned back on, but the defendants refused. Buckley claims that the termination of his water supply caused him emotional distress, the symptoms of which included anxiety, depression, lost rest, and elevated blood pressure. Based on these allegations, Buckley asserts claims of negligent infliction of emotional distress and breach of easement/conversion of property, respectively Counts II and III of the complaint.

**ANALYSIS**

**A. Motion to Dismiss Counts II and III**

CAR seeks to dismiss Counts II and III of the complaint, which are state-law claims, on the ground that they do not derive from a common nucleus of operative fact with Count I, an ADA

claim over which this court has original jurisdiction. *See* 28 U.S.C. § 1331. Where the court has

original jurisdiction, it shall also have supplemental jurisdiction over "all other claims that are so

related to claims in the action within such original jurisdiction that they form part of the same case

or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims

form part of the same case or controversy when they 'derive from a common nucleus of operative

fact.'" *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014) (quoting *United*

*Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). "A loose factual connection between the claims

is generally sufficient." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995).

Buckley argues that each of his state-law claims is part of the same "case or controversy"

as his ADA claim. Regarding his emotional distress claim, Buckley argues that there is a reasonable

inference from his complaint that he suffered emotional distress both because of the easement issue

and because of CAR's discrimination under the ADA. As to the breach-of-easement claim, Buckley

argues that he must enter CAR's thrift store to access his water meter and associated piping, and

CAR's ADA deficiencies deny him reasonable access to his easement. CAR argues in response that

none of allegations in Buckley's emotional distress claim reference the ADA violations but instead

focus on the easement issue. CAR also argues that the public water utility owns the water meter

in the thrift store and that it is a criminal offense for a private person to tamper with a water meter.

*See* Wis. Admin. Code § PSC 185.61; Wis. Stat. § 941.36. Further, CAR argues that none of the

deficiencies under the ADA listed in the complaint relate to access to the utility shed "out back"

where the water meter is located. Dkt. No. 32 at 3.

The court agrees with CAR. While the court is mindful that a "loose factual connection"

between claims is "generally" sufficient to satisfy § 1367(a), *Ammerman*, 54 F.3d at 424, no

4

sufficient factual nexus exists here. None of the allegations in the complaint for emotional distress relate to CAR's alleged violation of the ADA. Buckley's emotional distress claim is based on a negligence theory, but the only allegations regarding CAR's duty to act reasonably and breach of that duty relate to its decision to shut off Buckley's water supply. Allegations of causation—i.e. that CAR's ADA violations caused emotional injuries—are also absent. These pleading deficiencies warrant dismissal of Count II of the complaint because it is not part of the same case or controversy as the ADA claim.

The same is true of Buckley's easement claim. Buckley claims for the first time in his opposition brief that in order to access his water meter and piping, he must go inside CAR's thrift store. But this claim is not alleged in the complaint and may not be considered at this stage. *See United States ex rel. Kalec v. NuWave Monitoring, LLC*, 84 F. Supp. 3d 793, 803 (N.D. Ill. 2015). Moreover, Buckley does not allege that access to the water meter is protected under the utility easement or that the water meter is located inside of CAR's thrift store. Indeed, he alleges that, at the time he and CAR were conveyed their properties and the easement was established, the utilities were under CAR's structure. He further alleges that, even today, "[t]hose existing utilities are not accessible unless CAR's structure is partially dismantled, the City's sidewalks are broken up, [sic] so that the utility lines can be dug up and exposed." Dkt. No. 1 at ¶ 70. Nowhere does the complaint mention access to a water meter. Because Buckley's easement claim can be stated without reference to the essential facts underlying his ADA claim, they do not derive from a common nucleus of operative fact and dismissal of Count III is appropriate. *See McCoy*, 760 F.3d at 683–84; *Ammerman*, 54 F.3d at 425.

The only connection between Buckley's ADA claim and state-law claims is geographic proximity, but sharing such a factual background does not automatically make them part of the same case or controversy. *See Berg*, 372 F. Supp. 2d at 1093. This is the case because the term "operative fact" is "a proof-oriented concept" that identifies only the facts that are relevant to the resolution of a claim. *See id.* (citations omitted). The facts relevant to the resolution of Buckley's ADA claim "are completely separate and distinct from the facts that bear upon [his] state claims." *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993, 999 (E.D. Mich. 1996). Buckley's state-law claims will therefore be dismissed without prejudice. He may, however, proceed on his ADA claim.

**B. Motion for Extension of Discovery and Expert Disclosure Deadlines**

On January 11, 2019, the court held a status conference and established several scheduling deadlines, including a plaintiff's expert disclosure deadline of April 1, 2019, and a general discovery deadline of June 3, 2019. On April 8, 2019, Buckley filed a motion to extend the expert disclosure and discovery deadlines. In his motion, Buckley alleges that he has experienced several medical emergencies between January 11th and April 1st. Specifically, Buckley, a 72-year-old disabled man who has a chronic kidney disease, alleges that, since January 2019, he has had two wounds that have required immediate medical attention. He also alleges that he undergoes dialysis treatment three days per week for six hours each day. Further, he alleges that, in February 2019, he underwent a medical procedure that had major complications, eventually leading to the amputation of his middle finger in early April. Buckley indicates that, as of April 8th, he was bed ridden in a medical facility and medical staff were trying to save the rest of his hand. Buckley's counsel is his brother, and Buckley claims that he and his brother have been occupied with his life-threatening medical problems, which prevented adherence to the April 1st expert disclosure deadline. Buckley requests

an extension of discovery until September 30, 2019, and a forty-five day extension of the expert disclosure deadline from the date of resolution of his motion.

CAR opposes Buckley's motion. While the defendants sympathize with Buckley and have indicated that they will agree to reasonable extensions of written discovery, they oppose an extension of the plaintiff's expert disclosure deadline. The defendants argue that Buckley has failed to meet the excusable neglect standard under Federal Rule of Civil Procedure 6(b)(1) for failure to cite legal authority and because, prior to filing suit, Buckley had an obligation under Rule 11(b) to consult with an expert to investigate whether a good faith basis existed to bring ADA and easement claims. The defendants also note that CAR's thrift store has closed indefinitely as a result of this suit because CAR's insurer chose not to renew its liability policy. Because the thrift store's proceeds support local charities and no new insurance carrier will insure CAR until the resolution of this action, the defendants argue that time is of the essence.

Buckley's motion will be denied for failure to show excusable neglect. As an initial matter, Buckley's request that the discovery deadline be extended is aimed at providing ample time for expert disclosures. *See* Dkt. No. 33 at ¶ 9. Buckley is therefore concerned less with a general discovery extension than with an extension of time to disclose experts. But Buckley's claims regarding his health conditions and his brother's assistance with those conditions do not amount to excusable neglect. Although medical emergencies can cause excusable neglect, a party must demonstrate that the emergency was of such a magnitude that he could not request an extension of time. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012).

Buckley has failed to make this requisite showing. This is not a case where Buckley claims that his counsel, who was responsible for court filings, was so mentally and physically disabled that his counsel was unable to timely file a motion for extension. *See Islamic Republic of Iran v. Boeing*

*Co.*, 739 F.2d 464, 465 (9th Cir. 1984). Instead, Buckley claims that he and his counsel have been "dealing with" his medical problems as well as finding him a new place to live. Dkt. No. 33 at ¶ 7. But a litigant's personal circumstances, including health problems and family issues, do not constitute excusable neglect. *See Tygris Asset Fin., Inc. v. Szollas*, No. 09C4488, 2010 WL 2610652, at *2 (N.D. Ill. 2010) (collecting cases); *see also Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1118 (7th Cir. 1994). Buckley essentially claims that his counsel became extremely busy and involved with his medical problems. But the Seventh Circuit has repeatedly held that neglect due to a busy schedule does not constitute excusable neglect. *See Keeton*, 667 F.3d at 883; *see also Williams v. Shinseki*, 373 F. App'x 611, 614–15 (7th Cir. 2010); *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006); *Knapp v. Evgeros, Inc.*, 322 F.R.D. 312, 320 (N.D. Ill. 2017). Buckley has failed to demonstrate that his medical issues occupied enough of his and his counsel's time such that a motion for extension of time could not be timely filed. Because Buckley has not demonstrated excusable neglect and because his request to extend the general discovery deadline was intended to accommodate an extension of the expert disclosure deadlines, both of his extension requests will be denied.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss Counts II and III of the complaint (Dkt. No. 17) is **GRANTED**. Counts II and III of the plaintiff's complaint (Dkt. No. 1) are **DISMISSED without prejudice**. Buckley's motion for extension of the discovery and expert disclosure deadlines (Dkt. No. 33) is **DENIED**.

**SO ORDERED** this __15th__ day of May, 2019.

            s/ William C. Griesbach
            William C. Griesbach, Chief Judge
            United States District Court